ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ERICK TORRES GUTIÉRREZ<br><br>Parte Recurrida<br><br>v.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO, POR CONDUCTO DE SU PRESIDENTA EJECUTIVA HON. DORIEL I. PAGÁN CRESPO; EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, REPRESENTADO POR SU SECRETARIO DE JUSTICIA HONORABLE DOMINGO EMANUELLI<br><br>Parte Peticionaria | KLCE202500629 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Salinas<br><br><br>Caso Núm.:<br>SA2024CV00134<br><br><br>Sobre:<br>Acción Civil, Usucapión |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de junio de 2025.

Compareció ante este Tribunal la parte peticionaria, Autoridad de Acueductos y Alcantarillados (en adelante, "AAA" o "Peticionaria"), mediante recurso de *certiorari* presentado el 6 de junio de 2025. Nos solicitó la revocación de la *Sentencia Parcial* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Salinas (en adelante, "TPI"), el 7 de mayo de 2025. Mediante el referido dictamen, el foro recurrido declaró "No Ha Lugar" una "**Solicitud de Desestimación**" interpuesta por la Peticionaria.

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y *revocamos* la *Sentencia Parcial* recurrida.

**I.**

El presente caso tuvo su origen con la presentación de una "**Demanda**" por parte del Sr. Erick Torres Gutiérrez (en adelante, el "señor Torres Gutiérrez" o el "Recurrido") en contra de la AAA y el Estado Libre Asociado de Puerto Rico (en adelante, "ELA") sobre usucapión. Mediante la misma, expresó que en enero del año 2003 observó que cierto solar ubicado en la Carretera Núm. 701 del Barrio Jueyes del Municipio de Salinas estaba abandonado y lleno de maleza y basura, por lo que decidió hablar con los vecinos colindantes para limpiarlo. Alegó que desde esa fecha ha estado acondicionando el referido solar y manteniendo varios vehículos y camiones de su propiedad allí.

Asimismo, señaló que, por varios años, realizó múltiples gestiones para conocer a quién le pertenecía el solar, pero dichos intentos resultaron infructuosos. Sostuvo que por más de veinte (20) años ha estado realizando actos de dominio que van desde habilitar el solar para mantener sus vehículos y camiones a salvo hasta rellenar el terreno para mantener los niveles adecuados y evitar que éste se inunde. Afirmó que los vecinos lo consideran propietario del solar debido a que se comporta como tal y sus acciones han sido públicas e ininterrumpidas. Indicó que, en algún momento del año 2018, la AAA le comunicó que era la dueña del solar y que estaba dispuesta a venderlo por su valor tasado. Añadió que, desde entonces, ha seguido ejerciendo actos de dominio sobre el terreno y que, pese a ello, la Peticionaria no ha tomado ninguna acción para reclamarlo. Por último, arguyó que adquirió el dominio del mencionado solar mediante la figura de usucapión, ya que había ejercido posesión civil sobre el mismo por un término de veintiún (21) años. En vista de lo anterior, le peticionó al Tribunal que declarara "Ha Lugar" la "**Demanda**", disponiendo que había adquirido la titularidad del solar objeto de la presente controversia.

Así las cosas, el 20 de mayo de 2024, la AAA presentó una "**Solicitud de Desestimación**" mediante la cual sostuvo que procedía la desestimación del presente pleito, puesto que el señor Torres Gutiérrez no tenía derecho a la concesión de un remedio, ya que no cumplía con los requisitos de la

prescripción adquisitiva que dispone la ley. En detalle, expuso que el período durante el cual el Recurrido afirma haber estado en posesión del solar perteneciente a la AAA comenzó antes de la entrada en vigor del Código Civil de 2020, por lo que el término de prescripción adquisitiva aplicable es de treinta (30) años, conforme a lo establecido en el Código Civil de 1930, y no de veinte (20) años, de conformidad con el estado de derecho vigente. Además, señaló que, de la propia "**Demanda**" surge que en el año 2018 hubo una interrupción civil del término de prescripción adquisitiva. En armonía con lo anterior, le solicitó al foro de instancia que desestimara, con perjuicio, la "**Demanda**" interpuesta en su contra.

Por su parte, el 4 de junio de 2024, el ELA presentó una "**Moción de Desestimación**" en la que manifestó que la situación expuesta por el Recurrido no aducía una causa de acción que justificara la concesión de un remedio en su contra. Específicamente, expresó que no era el dueño del terreno en controversia y que tampoco representaba a la AAA por esta ser una instrumentalidad gubernamental autónoma del ELA. Igualmente, alegó que los hechos que presentó el señor Torres Gutiérrez en su "**Demanda**" exponían una controversia que podía resolverse con la mera aplicación del derecho. Además, señaló que la presunta posesión del terreno por parte del Recurrido ha sido por un término menor de treinta (30) años, por lo que no se configuraban los requisitos de la figura de usucapión. En sintonía con lo anterior, le solicitó al TPI que dictara sentencia desestimando la causa de acción instada en su contra.

Oportunamente, el 17 de junio de 2024, el señor Torres Gutiérrez presentó una "**Oposición a Mociones de Desestimación del ELA y de la AAA**", a través de la cual enunció que el término aplicable en este caso para adquirir el dominio de una propiedad es el establecido en el Código Civil vigente, es decir, un período de veinte (20) años. Igualmente, sostuvo que el texto del Artículo 1814 del Código Civil es ambiguo y, por tanto, requería ser interpretado por el Tribunal. Específicamente, señaló que la frase "pero si el término queda interrumpido después de la entrada en vigor de este Código, su duración será la determinada en este" contradice el resto del

mencionado Artículo. Planteó que debe entenderse que la intención de dicho enunciado es reducir el plazo para adquirir la propiedad y no extenderlo. Por último, argumentó que la presentación de su "**Demanda**" tuvo el efecto de interrumpir el término prescriptivo, y que, en consecuencia, el plazo aplicable es el de veinte (20) años establecido por el Código Civil vigente, sin que ello implacara que deba comenzarse a contar nuevamente dicho término. Así pues, le solicitó al TPI que declarara "No Ha Lugar" las mociones de desestimación presentadas en su contra.

Posteriormente, el 21 de junio de 2024, la AAA presentó su "**Réplica a Oposición a Mociones de Desestimación**" en la que reiteró su postura y explicó que la interrupción a la que se refiere nuestro Código Civil es la que realiza el titular de la propiedad al poseedor de la cosa y no al revés, por lo que sostuvo que el poseedor no podía interrumpir su propio plazo. Del mismo modo, argumentó que, incluso si se asumiera que la presentación de la "**Demanda**" interrumpió el plazo prescriptivo señalado, el efecto habría sido que dicho término comenzó a contarse nuevamente desde ese instante. Además, señaló que, en cualquier escenario, el término prescriptivo comenzó a transcurrir a partir del año 2018, fecha en que el Recurrido alega que la AAA le indicó ser dueña del solar en cuestión. Por último, afirmó que ya sea bajo el Código Civil del 1930 o del 2020, el término establecido para configurarse la usucapión no se ha cumplido.

Varios días después, el 25 de junio de 2024, el ELA presentó su "**Réplica a Oposición a Desestimación**" a través de la cual reafirmó su posición y resaltó que, una vez el plazo prescriptivo es interrumpido, el mismo comienza a correr desde cero y se pierde todo el tiempo acumulado. Adicionalmente, señaló que el señor Torres Gutiérrez no incluyó en la "**Demanda**" reclamaciones en su contra que justificaran un remedio a su favor. A causa de lo anterior, le solicitó nuevamente al foro *a quo* que declarara "Ha Lugar" su "**Moción de Desestimación**".

Finalmente, el 7 de mayo de 2025, el TPI resolvió mediante *Sentencia Parcial* que el término aplicable al presente caso es el de treinta (30) años dispuesto en el Código Civil del 1930 y no el de veinte (20) años. No

obstante lo anterior, declaró "No Ha Lugar" la "**Solicitud de Desestimación**" interpuesta por la AAA bajo el fundamento de que las alegaciones expuestas por el señor Torres Gutiérrez en su "**Demanda**" son suficientes para justificar la posibilidad de la concesión de un remedio a su favor. Por su parte, declaró "Ha Lugar" la "**Moción de Desestimación**" presentada por el ELA.

Insatisfecho con dicha determinación, la AAA compareció ante este Tribunal por vía del recurso que nos ocupa y le imputó al foro de instancia la comisión de los siguientes errores:

> **PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO TOMAR COMO CIERTO QUE, (PARA FINES DE LA MOCIÓN DISPOSITIVA Únicamente), A PARTIR DEL AÑO 2003 DECIDIÓ LIMPIAR EL TERRENO Y QUE, (TOMANDO DICHA ALEGACIÓN COMO CIERTA), EL TÉRMINO PARA LA PRESCRIPCIÓN PRESCRIPTIVA COMENZÓ A TRANSCURRIR DESDE DICHA FECHA, AÑO 2003.**

> **SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA MOCIÓN DE DESESTIMACIÓN OBVIANDO QUE CONFORME A LAS ALEGACIONES DE LA DEMANDA NO HA TRANSCURRIDO EL TÉRMINO DE PRESCRIPCIÓN ADQUISITIVA DE 30 AÑOS.**

El 9 de junio de 2025, emitimos *Resolución* mediante la cual le concedimos al señor Torres Gutiérrez un plazo para presentar su alegato en oposición. Dicho término ha vencido sin que el Recurrido solicitara prórroga para comparecer o cumpliera con lo ordenado.

En vista de lo anterior, adjudicamos el recurso sin el beneficio de su comparecencia.

**II.**

**A.**

La Regla 10.2 de Procedimiento Civil y su jurisprudencia interpretativa le confiere al demandado la oportunidad de presentar cualquiera de las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **que las alegaciones del demandante dejan de exponer una reclamación que justifique la concesión de un remedio**; y (6) la falta de una parte indispensable. 32 LPRA Ap. V., R. 10.2; Inmobiliaria Baleares,

LLC v. Benabe González, 214 DPR ___ (2024), 2024 TSPR 112; Rodríguez Vázquez y otros v. Hosp. Esp. Auxilio Mutuo y otros, 215 DPR ___; 2025 TSPR 55.

Al considerar una moción para desestimar una demanda por ésta dejar de exponer una reclamación que justifique la concesión de un remedio, debe ser evaluada de forma crítica. Íd., pág. 19. Ello, puesto que el tribunal está obligado a tomar como ciertos los hechos bien alegados en la demanda. Hecha esta salvedad, el Tribunal interpretará las aseveraciones de la demanda en la forma más favorable para el demandante formulando en su favor todas las inferencias que puedan asistirle. Rivera Sanfeliz, *et al.* v. Jta. Dir. First Bank, 193 DPR 38, 49 (2015). De igual forma, nuestro más alto foro ha establecido que:

> [A] los fines de disponer de una moción de desestimación, estamos obligados a dar por ciertas y buenas todas las alegaciones fácticas de la demanda presentada. Para prevalecer, el promovente de la moción tiene que demostrar que, aun así, la demanda no expone una reclamación que justifique la concesión de un remedio. Esta doctrina se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente, que de su faz no den margen a dudas. Pressure Vessels PR v. Empire Gas PR, 137 DPR 497, 505 (1994).

Sobre este asunto, el Dr. José Cuevas Segarra expone que "[e]n la moción de desestima[ción] no se trata de poner en duda los hechos alegados en la demanda, sino atacarla por un vicio intrínseco, por ejemplo: insuficiencia, ausencia de parte indispensable, [o] falta de jurisdicción". J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Publicaciones JTS, San Juan, Tomo I, 2000, pág. 275.

En fin, "la demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación". Pressure Vessels PR. v. Empire Gas P.R., *supra*, pág. 505. Consecuentemente, se debe considerar si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida. El Día, Inc. v. Mun. de Guaynabo, 187 DPR 811, 821 (2013); Consejo Titulares v. Gómez Estremera, 184 DPR 407, 423 (2012).

Relacionado con lo anterior, la jurisprudencia ha identificado casos que contienen elementos subjetivos, de intención, propósitos mentales o negligencia. A saber, "controversias en las que el factor credibilidad juega un papel esencial, si no decisivo, para llegar a la verdad, y donde un litigante depende en gran parte de lo que extraiga del contrario en el curso de un juicio vivo". Rosario Ortiz v. Nationwide Mutual Insurance Co., 158 DPR 775, 780-81 (2003). A esos efectos, "la privación a un litigante de su 'día en corte' es una medida procedente sólo en casos extremos y que debe usarse solamente en casos claros. Íd., pág. 780.

**B**.

Nuestro ordenamiento jurídico reconoce la posibilidad de adquirir el dominio de todos los derechos reales por medio de la usucapión o prescripción adquisitiva. 31 LPRA sec. 7961. Para que esta figura jurídica se configure, es esencial que estemos ante una cosa o un derecho susceptible de apropiación por un tiempo determinado y según las condiciones que dicte la ley. Bravman, González v. Consejo Titulares, 183 DPR 827, 838 (2011). La posesión que da lugar a la adquisición del dominio a través de esta figura jurídica es aquella ejercida en concepto de dueño y debe ser continua, pública y pacífica. 31 LPRA sec. 8022. Se considera que una persona posee en concepto de dueño cuando actúa como verdadero titular por los actos que realiza en relación a la propiedad. 31 LPRA sec. 8023.

En línea con lo anterior, existen dos modalidades de la figura de usucapión o prescripción adquisitiva, a saber: (1) la ordinaria y la extraordinaria. J.R. Vélez Torres, Curso de Derecho Civil: los bienes, los derechos reales, Madrid, Offirgraf, S.A., T. II, 1983, pág. 265. La modalidad ordinaria se distingue por requerir la existencia de justo título y la buena fe del poseedor. Íd. La buena fe implica que el poseedor cree sinceramente que la persona de quien recibió la cosa era su legítimo propietario y tenía capacidad para transferir el dominio. Bravman, González v. Consejo Titulares, *supra*, pág. 838. Por su parte, el justo título se define como "aquel legalmente suficiente para transferir el dominio o derecho real por la persona

que aparentemente lo puede transferir". 31 LPRA sec. 8029. En contraste, la prescripción adquisitiva extraordinaria no requiere el elemento de buena fe ni de justo título. 31 LPRA sec. 8027.

En lo concerniente a la controversia de autos, el Artículo 1814 del Código Civil establece las disposiciones que rigen el proceso de transición aplicable a la usucapión. En detalle, dispone lo siguiente:

> **Los términos prescriptivos, de caducidad o de usucapión que estén transcurriendo en el momento en que este Código entre en vigor, tienen la duración dispuesta en la legislación anterior;** pero si el término queda interrumpido después de la entrada en vigor de este Código, su duración será la determinada en este. 31 LPRA sec. 11719. (énfasis suplido).

**En otras palabras, cuando el término para la usucapión o prescripción adquisitiva haya comenzado a transcurrir con anterioridad al 28 de noviembre de 2020 –fecha de entrada en vigor del Código Civil de 2020–, resultará aplicable el término dispuesto en el Código Civil de 1930**. No obstante lo anterior, si dicho término es interrumpido con posterioridad a esa fecha, el cómputo deberá reiniciarse, y el plazo aplicable será el establecido en el ordenamiento actual. **Conforme al Código Civil vigente, la adquisición del dominio sobre bienes inmuebles mediante usucapión requiere la posesión durante un período de diez (10) años cuando concurren justo título y buena fe o de veinte (20) años sin la necesidad de estos requisitos**. Por su parte, el Código Civil de 1930 disponía que la prescripción adquisitiva del dominio sobre bienes inmuebles operaba mediante la posesión durante diez (10) años entre presentes o veinte (20) entre ausentes, siempre que existiera justo título y buena fe, **o mediante la posesión ininterrumpida por treinta (30) años sin necesidad de título ni buena fe, y sin distinción entre presentes y ausentes**. *Véanse,* Art. 1859 del Código Civil de 1930, 31 LPRA sec. 5280; Art. 788 del Código Civil de 2020, 31 LPRA sec. 8032.

Por último, tanto el Código Civil vigente como el derogado reconocen que este mecanismo de obtención del dominio de propiedad puede ser interrumpido por varias razones. Específicamente, el Artículo 781 del Código Civil del 2020 establece que, para los efectos de la usucapión, la

posesión se interrumpe: (1) por su cese durante más de un (1) año; (2) por el emplazamiento citación judicial hecha al poseedor; (3) por el requerimiento judicial o notarial y (4) por cualquier reconocimiento expreso o tácito del derecho del dueño por parte del poseedor. 31 LPRA sec. 8025. Es menester aclarar que el emplazamiento o citación judicial a la que se refiere el referido Artículo es aquella realizada por el titular del bien inmueble al poseedor y no al revés. Conforme mencionáramos anteriormente, si el término prescriptivo en cuestión es interrumpido por cualquiera de las causas reconocidas, el cómputo deberá reiniciarse de acuerdo con el período establecido en el Código Civil de 2020. Esto se debe a que el acto interruptor produce el efecto de dar inicio a un nuevo término prescriptivo, el cual comienza a contarse de forma inmediata a partir del momento en que se produce dicha interrupción.

**III.**

En el presente caso, el Peticionario nos solicitó la revocación de la *Sentencia Parcial* del TPI en la que se declaró "No Ha Lugar" la "**Solicitud de Desestimación**" objeto de esta controversia.

Los señalamientos de error esgrimidos están íntimamente relacionados, por lo que se discutirán en conjunto. En síntesis, la AAA sostiene que el TPI erró al: (1) no tomar como cierta la alegación de la "**Demanda**" que establece que el señor Torres Gutiérrez comenzó a limpiar el terreno en el año 2003, y (2) denegar la "**Solicitud de Desestimación**" a pesar de que el término prescriptivo de treinta (30) años no ha transcurrido. Le asiste la razón. Veamos.

Del expediente que obra ante nuestra consideración, se desprende que el señor Torres Gutiérrez alegó en su "**Demanda**", entre otras cosas, lo siguiente: (1) que inició labores de limpieza en el solar ubicado en el Municipio de Salinas en el año 2003 y que desde entonces comenzó a utilizarlo para estacionar vehículos; (2) que, desde esa fecha, los vecinos lo han reconocido como el propietario del terreno; (3) que en el año 2018 la AAA le manifestó que era la titular registral de la propiedad y (4) que ha mantenido una posesión continua y en concepto de dueño sobre dicho solar

durante un período de veintiún (21) años. Surge, además, que como respuesta a dicho escrito, tanto la AAA como el ELA solicitaron la desestimación de las causas de acción instadas en su contra.

Conforme adelantáramos en los acápites anteriores, el Artículo 1814 del Código Civil vigente establece que los términos prescriptivos de usucapión que se encuentren en curso al momento de la entrada en vigor de dicho cuerpo legislativo, es decir al 29 de noviembre de 2020, continuarán rigiéndose por el periodo establecido en la legislación anterior. No obstante, en caso de que dichos términos sean interrumpidos con posterioridad a esa fecha, deberán comenzar a contarse nuevamente conforme al plazo dispuesto en el Código Civil de 2020. 31 LPRA sec. 11719.

Tras un análisis minucioso del expediente ante nuestra consideración, incluyendo la "**Demanda**", las *Mociones de Desestimación*, su correspondientes *Oposición* y las *Réplicas*, hemos arribado a la conclusión de que procede la desestimación de la causa de acción instada contra la AAA. Nos explicamos.

De la propia "**Demanda**" se desprende que el señor Torres Gutiérrez presuntamente comenzó a ejercer actos de dominio sobre el terreno en controversia desde el año 2003, al limpiarlo y utilizarlo para estacionar sus vehículos. Esto implica que, asumiendo como cierta dicha alegación, el término prescriptivo comenzó a transcurrir bajo la vigencia del Código Civil de 1930, el cual, requiere una posesión ininterrumpida de treinta (30) años, sin necesidad de justo título ni buena fe para que se configure la prescripción adquisitiva extraordinaria. A tales efectos, el Artículo 1814 del Código Civil del 2020, *supra*, dispone que los términos prescriptivos que ya se encontraban en curso al momento de su vigencia continuarán rigiéndose por las disposiciones del ordenamiento anterior, salvo que sean interrumpidos con posterioridad, en cuyo caso el nuevo término comenzará a contarse conforme a las disposiciones del nuevo Código Civil.

En el presente caso, no surge del expediente que se haya completado el período de treinta (30) años de posesión ininterrumpida en

concepto de dueño requerido por la legislación aplicable. De hecho, tomando el plazo para adquirir la titularidad desde el año 2003, al día de hoy, han transcurrido aproximadamente 22 años, por lo que es evidente que no puede reclamar haberse convertido en dueño del predio por vía de la figura de prescripción adquisitiva. Ahora bien, aun si ignoráramos dicha realidad jurídica, de las propias alegaciones del Recurrido surge que en el 2018 el plazo para advenir dueño del terreno por vía de la usucapión fue interrumpido por la AAA, al reclamar ser el titular del inmueble.

Por tanto, asumiendo como ciertos todos los hechos bien alegados en la "**Demanda**" e interpretados de la manera más beneficiosa para el Recurrido, resulta evidente que éste no ha formulado una causa de acción que justifique la concesión de un remedio, toda vez que de las alegaciones se desprende que no ha cumplido con el término mínimo requerido para que proceda la adquisición del dominio de la propiedad mediante usucapión.

En cuanto a la interrupción del término prescriptivo contemplada en el Artículo 781 del Código Civil vigente, *supra*, ésta se refiere a la acción ejercida por el titular del derecho de propiedad contra el poseedor, a través de un emplazamiento o citación judicial, y no al contrario. Asimismo, cuando se produce dicha interrupción, el efecto jurídico es que el término prescriptivo se reinicia, comenzando a computarse nuevamente desde el momento en que ocurre la interrupción. En consecuencia, no es jurídicamente sostenible la teoría del señor Torres Gutiérrez según la cual la radicación de su "**Demanda**" interrumpió el término prescriptivo y, por tanto, resulta aplicable el plazo de veinte (20) años sin que este deba comenzar a contarse nuevamente.

En vista de lo anterior, somos de la opinión de que el TPI erró al declarar "No Ha Lugar" la "**Solicitud de Desestimación**" presentada por la AAA, pues tomados como ciertos los hechos alegados en la "**Demanda**" e interpretados de la manera más beneficiosa para el Recurrido, no permiten sostener una reclamación válida a su favor bajo el estado de derecho vigente.

**IV.**

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte integral del presente dictamen, se *expide* el auto de *certiorari* y se *revoca* la *Sentencia Parcial* apelada. En consecuencia, se desestima, sin perjuicio, la "**Demanda**" presentada por el señor Torres Gutiérrez en contra de la AAA.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones